UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTINE ASIA CO., LTD., et al., <br><br> Plaintiffs, <br><br> v. <br><br> JACK YUN MA, et al., <br><br> Defendants. | No.: 1:15-md-02631-CM (SDA) <br><br> Related cases: <br> 1:15-cv-00759-CM <br> 1:15-cv-00811-CM <br> 1:15-cv-00991-CM <br> 1:15-cv-01405-CM <br> 1:15-cv-05020-CM <br> 1:15-cv-04991-CM <br> 1:15-cv-05002-CM |

[PROPOSED] ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending in this Court entitled *Christine Asia Co. Ltd. et al. v. Ma, et al.*, No. 15-md-02631-CM (SDA) (the "MDL Action")[1];

WHEREAS, by Order dated May 1, 2018, the Court certified the MDL Action to proceed as a class action on behalf of all persons and/or entities that purchased or otherwise acquired Alibaba Group Holding Limited ("Alibaba") American Depository Shares ("ADS"), or purchased call options or sold put options on Alibaba ADS, during the period September 19, 2014 through January 28, 2015, inclusive (the "Class Period"), other than those shares purchased directly in the September 19, 2014 Initial Public Offering (the "Class");[2]

WHEREAS, (a) lead plaintiffs William Tai and Christine Asia Co., Ltd. (collectively, "Lead Plaintiffs") and named plaintiffs Abel Amoros, Arthur Gabriel, Raymond Lee, and Gang Liu (together with Lead Plaintiffs, the "Plaintiffs"), on behalf of themselves and the Class (defined above), and (b) defendant Alibaba and defendants Jack Yun Ma, Joseph Tsai, Jonathan Zhaoxi Lu, and Maggie Wei Wu (collectively, the "Individual Defendants," together with Alibaba, the "Defendants," and together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Defendants in the MDL Action with prejudice on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

---

[1] All capitalized terms used in this Order that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated April 26, 2019 (the "Stipulation").

[2] Excluded from the Class are: (a) persons who suffered no compensable losses; and (b) Defendants; the present and former officers and directors of Alibaba at all relevant times; members of their Immediate Families and their legal representatives, heirs, successors, or assigns, and any entity in which any of the Defendants, or any person excluded under this subsection (b), has or had a majority ownership interest at any time. Also excluded from the Class are any persons and entities who or that submit a request for exclusion that is accepted by the Court.

WHEREAS, Plaintiffs have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein; and

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on October 16, 2019 at 10:00 a.m. in Courtroom 24A, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the MDL Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to

consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a) within ten (10) business days of the date of entry of this Order, Alibaba shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its reasonably available shareholder lists (consisting of names and addresses) of the purchasers of the Alibaba ADS during the Class Period;

(b) not later than twenty (20) calendar days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), to be mailed by first-class mail or emailed to potential Class Members at the addresses or email addresses set forth in the records provided to the Claims Administrator by Alibaba or in the records which Alibaba caused to be provided to the Claims Administrator, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the mailing and/or emailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in each of *Investor's Business Daily*, *Barron's*, *The New York Times*, and *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing or emailing, and of publication.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the MDL Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive

notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed (or emailed) and published, respectively.

6. **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Alibaba ADS or Alibaba call options or sold Alibaba put options during the period September 19, 2014 through January 28, 2015, inclusive, other than those shares purchased directly in the September 19, 2014 Initial Public Offering, for the benefit of another person or entity, shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.20 plus postage at the current pre-sort rate used by the Claims Administrator per Notice Packet; or $0.05 per Notice Packet transmitted by email; or $0.10 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms

of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred and five (105) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Submitted Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim Form to the Claims Administrator (a "Submitted Claim"), a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Submitted Claim and the subject matter of the Settlement.

8. Each Submitted Claim must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be

complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

9. Any Class Member that does not timely and validly submit a Claim Form or whose Submitted Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; and (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the MDL Action relating thereto, including, without limitation, the Judgment or Alternate Judgment. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 7 above.

10. **Exclusion From the Class** – Any member of the Class who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, by EXCLUSIONS–*Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*, c/o Strategic Claims Services, P.O. 230, 600 N. Jackson Street, Suite 205, Media, PA 19063; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Christine Asia Co. Ltd. et al. v. Jack Yun Ma et al.*, Master File No. 15-md-02631-CM (SDA)"; (iii) state the number of shares of Alibaba ADS, Alibaba call options, and/or Alibaba put options that the person or entity requesting exclusion purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such

purchase/acquisition and sale; (iv) provide adequate supporting documentation for the transactions for which the Class Member seeks exclusion in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel and Defendants' Counsel; and (v) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and documentation and is received within the time stated above, or is otherwise accepted by the Court. The failure of any request for exclusion to contain all of the information necessary for the Parties or the Claims Administrator to determine the loss, if any, suffered by the individual or entity seeking such exclusion will constitute sufficient grounds to deny any such request for exclusion.

11. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the MDL Action and shall not receive any payment out of the Net Settlement Fund.

12. Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the MDL Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will

be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of Defendants' Releasees, as more fully described in the Stipulation and the Notice.

13. **Appearance and Objections at Settlement Hearing** – Any Class Member who does not request exclusion from the Class may enter an appearance in the MDL Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 14 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

14. Any Class Member who does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| The Rosen Law Firm P.A.<br>Laurence Rosen, Esq.<br>275 Madison Avenue, 34th Floor<br>New York, New York 10017 | Simpson Thacher & Bartlett LLP<br>James G. Kreissman, Esq.<br>Stephen P. Blake, Esq.<br>2475 Hanover Street<br>Palo Alto, CA 94304 |

15. Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Class, including the number of shares of Alibaba ADS, Alibaba call options, and/or Alibaba put options that the Class Member purchased, acquired, and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and/or sale; (d) the name, address, and telephone number of all counsel who represent the Class Member, including former or current counsel who may be entitled to compensation in connection with the objection; (e) a statement confirming whether the Class Member and/or the Class Member's counsel plans to appear at the Settlement Hearing; (f) the name, address, and telephone number of any counsel that will appear at the Settlement Hearing; and (g) the number of times the Class Member filed an objection in the previous five years and the nature of each objection to each case in which the Class Member filed an objection in the previous five years. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

16. Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

17. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the MDL Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of Defendants' Releasees.

18. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

19. **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiffs, the other Class Members and Defendants, and the Parties shall revert to their respective positions in the MDL Action as of March 30, 2019, as provided in the Stipulation.

22. **Use of this Order** – Neither this Order, the Settlement Term Sheet, the Stipulation (whether or not the Settlement is consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Settlement Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any Claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this MDL Action or in any other litigation, or of any liability,

negligence, fault, or other wrongdoing of any kind of any of Defendants' Releasees or in any way referred to for any other reason as against any of Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this \_\_1st\_\_ day of \_\_May\_\_, 2019.

_____
The Honorable Colleen McMahon
United States District Judge